cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELISABETH LANGLEY, | ) | Civil No.05cv2265 W (AJB) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Order Granting In Part and Denying In Part |
| | ) | Plaintiff's Motion to Compel |
| CHECK GAME SOLUTIONS, INC.; | ) | |
| CATHERINE M. KEY, | ) | [Docket No. 18, 20 and 21 ] |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion to Compel amended and supplemental written responses to Plaintiff's Request for Admission Nos. 4-8, 10, 11 and 21, documents responsive to Requests for Production of Documents Nos. 2-4, 6, 9, 18, 23, 25 and 27-31, as well as Interrogatories Nos. 2-10, 16-18, 24 and 25 directed to Defendant Check Game, and Interrogatories Nos. 27-29, 38-40, 43, and 45-52 directed to Defendant Catherine Key.   This motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1).  Based upon the parties' moving papers and for the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel.

### ***Relevant Procedural History***

The complaint was filed December 13, 2005 alleging violations of the Fair Debt Collections Practices Act. [Docket No. 1].  On January 31, 2006, Defendants answered the complaint and alleged two counterclaims of abuse of process and intentional infliction of emotional distress. [Docket No. 3].

1

On February 27, 2006, Plaintiffs filed a Motion to Dismiss the counterclaims. [Docket No. 7].  On April 14, 2006, the Court granted Plaintiff's Motion to Dismiss the counterclaims. [Docket No. 13].

Plaintiff filed the current Motion to Compel on August 31, 2006. [Docket No. 18].  Defendants filed their opposition on September 20, 2006. [Docket No.20].  On September 21, 2006 Plaintiff filed a reply. [Docket No. 21].

### *Factual History[1]*

In December of 2004, Plaintiff purchased a magazine subscription from two high-school aged girls who claimed to be selling magazines to raise money for their high school's "Spring Break" trip. Upon realizing that the purchase price of $61.00 was extremely high, Plaintiff canceled the personal check she used in the transaction.

In April of 2005, Defendant Check Game sent three collections letters (hereinafter referred to as Exhibits A-C) to Plaintiff demanding payment for the subscription to Universal Subscription Agency as well as a $30.00 returned check fee.  Thereby making the total owed by the Plaintiff $91.00.  The letters issued by Check Game included language that warned Plaintiff that her failure to comply may result in the notification of the debt to Equifax Credit Bureau or to the State Attorney's Office to be handled by their Worthless Check Division.

Plaintiff sent Check Game a letter disputing the charge, but to prevent any reporting by the company, Plaintiff sent a check for $91.00.

### *Standard of Review*

Federal Rule of Civil Procedure 26(b)(1)[2] states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. Pro. 26(b)(1).  "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their

---

[1]All factual information has been summarized from Plaintiff's Complaint. [Docket No. 1].

[2]All future references will be to the Federal Rules of Civil Procedure unless otherwise stated.

dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal 2002)(internal citations omitted).

Federal Rule 37(a)(2)(B), allows the discovering party to move for an order compelling an answer, a designation, or an inspection in accordance with a specific discovery request. Fed. R. Civ. Pro. 37(a)(2)(B). This rule establishes "a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." *B.F. Goodrich Tire Co. v. Lyster*, 328 F. 2d 411, 415 (5th Cir. 1954). Answers that are evasive or incomplete are treated as a failure to disclose. Fed. R. Civ. Pro. 37(a)(3).

### ***Discussion***

Plaintiff's Motion to Compel amended and supplemental written responses to Plaintiff's Request for Admission Nos. 4-8, 10, 11 and 21, documents responsive to Requests for Production of Documents Nos. 2-4, 6, 9, 18, 23, 25 and 27-31, as well as Interrogatories Nos. 2-10, 16-18, 24 and 25 directed to Defendant Check Game, and Interrogatories Nos. 27-29, 38-40, 43, and 45-52 directed to Defendant Catherine Key. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel.

**I.     Request For Admissions**

**A.     *Standard for Rule 36***

Federal Rule of Civil Procedure 36 governs request for admissions. The purpose behind Rule 36 is to narrow the issues that will be presented at trial. (*See Coca-Cola Bottling Co. of Shreveport, Inc., v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del 1988)("The purpose of allowing requests for admissions under Fed.R.Civ.Pro. 36 is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."). "The answer [to a request for admission] shall *specifically* deny the matter or set forth *in detail* the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. Pro. 36(a)(emphasis added). "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Id.* "If objection is made, the reasons therefore shall

be stated." *Id.* Rule 36 also states that "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder." *Id.* "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." *Id.*

### B.     Request for Admissions Numbers 4-8, 10-11

In response to Plaintiff's Request for Admission to 4-8, 10-11, Defendant Catherine Key answered by stating she "has no information that could cause her to either admit or deny the request, in that any information that she would have would be secondhand and not based on personal knowledge. Thus, she has no capacity to either admit or deny the series of Requests that are made." (Defendants' Opp. at 3). Following the guidelines of Rule 36, Defendants' answer lacks detailed evidence of a reasonable inquiry. Defendants' response provides that she only has the information secondhand, inferring that she is aware of the source of the request. It appears if Defendant Catherine Key is able to give some secondhand information that some reasonable inquiry would allow her to provide the original source as a person who would better be able to admit or deny the admission. (*See Henrey v. Chapman Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D. N.Y. 2003)("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. . .The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circum-stances, non-parties, but surely not strangers.") Because Defendants have not shown a reasonable inquiry, the Court orders Defendant to supplement and serve an amended answer to Request numbers 4-8 and 10-11.

### C.     Request for Admission Number 21

In Plaintiff's Request for Admission to 21 (Check Game has never referred any unpaid check, including Plaintiff's, to the State Attorney's Office), Defendant Check Game objected by stating, "Object compound question." (Plaintiff's Motion at 12). Furthermore, Defendant relies on the same proposition as quoted above in section B in regards to why Defendant Catharine Key (the responding party for Check Game) cannot admit or deny the requests. Plaintiff argues that this objection neither

05cv2265

admits or denies the request.  *Id.*  The response from Defendant as to the compound nature of the question is not persuasive.  According to Rule 36, if a party can admit part or deny part of the admission, they must do so and explain why they cannot admit or deny the remainder.  (*See* Fed. R. Civ. Pro. 36(a)).  Therefore, the objection to a compound question must be explained to the extent why neither question can be admitted or denied.  Therefore, it is ordered that Defendant supplement and serve an amended answer to Request number 21.

### D.    Conclusion

In conclusion, Defendants are ordered to supplement and serve amended answers to all contested requests for admissions.  (Requests 4-8, 10-11 and 21).

## II.    Production of Documents

### A.    Standard for Rule 34

Rule 34 states, "Any party may serve on any other party a request (1) to produce and permit the other party making the request. . .to inspect and copy, any designated documents. . .which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. Pro. 34(a).  "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. Pro. 34(b).

If the answering party raises an objection, the burden is on the moving party to show that the scope of the request is within the scope permitted by Rule 26(b).  (*See Belcher v. Bassett Furniture Industries Inc.*, 588 F. 2d 904, 908 (4th Cir. 1978)).  Upon showing that the request falls within the scope of Rule 26(b), "the party from whom discovery is sought has the burden of showing some sufficient reason why discovery should not be allowed." *See* 8 Wright & Miller, Federal Practice & Procedure: Civil § 2214, p. 644 (1970).

In the current action, Defendant has raised objections to the request for Document productions numbers 2-4, 6, 9, 18, 23, 25, 27-29, and 30-31.  In the interest of judicial efficiency, the requests will be addressed bases upon their respective objections and discussed.

/////

05cv2265

### B.    Document Requests 2-4: Objection 3rd Person Privacy

To Requests 2-4, Defendant raised the objection of 3rd party privacy "who is not associated with third litigation." (Defendants' Response to First Combined Discovery Request Directed to Catharine Key by Plaintiff at 9-10).   Following the guidance of Rule 34, upon objection the burden shifts to the moving party to show that the request is within the scope of Rule 26.  In this instance, Plaintiff has claimed that the requested documents relate to Universal Subscription Agency and their relationship with the Defendants in the practice of collecting the debt of the Plaintiff.  Furthermore, Plaintiff argues that any invasion of privacy may be remedied by a protective order in the case. (Plaintiff's Motion at 23).  Information pertaining to the collection of the Plaintiff's debt is within the scope of Rule 26, because it is relevant to a claim raised in the complaint.  By making a showing that the request is within the scope of Rule 26, the burden then shifts to the Defendants to why the documents should not be produced.  Defendant has failed to argue any matters regarding document requests in their opposition to the Plaintiff's Motion to Compel.  Therefore, Defendants have not met their burden of showing why these documents are outside the scope and are unnecessary to produce.  By failing to met their burden, it is ordered that Defendants' produce the Documents requested in numbers 2-4.

### C.    Document Requests 23, 25, 27-28, 30-31: Objection Irrelevant

In response to Requests 23, 25, 27-28, and 30-31 Defendants raised the objection of irrelevant. As previously stated, the burden is on the Plaintiff to show that the scope of the request is within the boundaries of Rule 26.  In this case, Plaintiff has been successful by showing the requested documents may lead to discovery of evidence.  Plaintiff has shown that the documents will create a list of possible person to depose (Request No. 23) and show control of the company by the defendant Catharine Key (Requests No. 25, 27-28, and 30-31).  As previously stated,  Defendants have failed to respond to the request for admissions and therefore it is ordered that the Defendants produce the Documents requested in numbers 23, 25, 27-28, and 30-31.

### D.    Document Requests 6 and 9: Non-Responsive Answers

Request 6 states, "All Documents relating to the creation, approval, and the sending of the letters in the form of Exhibits A, B, and C." (Defendants' Response to First Combined Discovery Request Directed to Catharine Key by Plaintiff at 10).  In responding to the request, Defendants' state, "As noted

05cv2265

by previous response to Interrogatory the computer letters are generated from a commercially purchased program." *Id.*  Plaintiff argues that the information requested is the information contained in the letters and not the computer generated format.   Therefore, Plaintiff argues that the answer given is inaccurate and evasive.  (Plaintiff's Motion at 23).  The information requested would be within the scope of Rule 26 because is information relevant to the claim raised in the complaint. Given that the Plaintiff has shown that the documents requested would fall under the scope of Rule 26, and the Defendants' lack of response, it is ordered that Defendants' produce the Documents requested in number 6.

Request number 9 states, "All documents relating to the facts and circumstances leading up to the decision to send letters in the forms of Exhibits A, B, and C to Plaintiff." (Defendants' Response to First Combined Discovery Request Directed to Catharine Key by Plaintiff at 11).  Defendants' response states, "Uncertain as to what is being requested.  Plaintiff issued a check which she later stopped payment on.  That check was sought for collection by the person two whom she had paid it.  The transaction intended to do nothing more." *Id.* The Court finds that Defendants' answer is non-responsive and does not sufficiently answer or object to the request.  Therefore it is ordered that Defendants produce the Documents requested in number 9.

### E.    *Document Responses 18 and 29: Request Overly Broad*

Plaintiff's Request number 18 seeks copies of any litigation pleadings filed against Check Game alleging violations of state and federal claims bases on Check Game's use of letters similar to Exhibits A-C.  Defendants answer that no such documents exist.  However, in objection to the answer, Plaintiffs direct the Court to websites that refute this claim.  The Court finds that Plaintiff's request is excessive, overly broad and not likely to lead to discoverable evidence in accordance with Rule 26.   Therefore the Court sustains the objection as overly broad.

Document Request 29 states, "All documents concerning the attempt to collect debts on behalf of Universal Subscription Agency including balance sheets and net income statements for the period 2003 to the present."  (Defendants' Response to First Combined Discovery Request Directed to Catharine Key by Plaintiff at 14).  Defendant responds with an objection stating, "Objection overly broad and ambiguous and is calculated to reveal information relative to a third party not associated with this lawsuit." *Id.*   Plaintiff raises the argument that the documents are within the scope of Rule 26 because

7

05cv2265

1   they will show Defendants control of the company.  However, the Court finds that the document request

2   is overly broad in its purpose.  It is not likely that the balance sheets will show that Defendants were in

3   control of the collection agency.  Although the Defendants have not raised the issue, in the interest of

4   justice, the Court must sustain the objection as the request is overly broad.

5   ### G.   Conclusion

6   In conclusion the Court finds that Defendants must serve an amended answer to Document

7   Requests 2-4, 6, 9, 23, 25, 27-28, and 30-31.  Furthermore, the Court finds that Defendants' objection to

8   Requests 18 and 29 are sustained as they are overly broad and not within the scope permissible under

9   Rule 26.

10  ### III.   Interrogatories

11  ### A.   Standard for Rule 33

12  Rule 33 governs the rules for interrogatories.  Fed. R. Civ. Pro. 33.  The purpose behind Rule 33

13  is to twofold.  Firstly, interrogatories are used to ascertain facts and secure evidence.  Secondly,

14  interrogatories serve in "exacting admissions or obtaining commitments as to the position that an

15  adverse party takes as to issues of fact, but not as to issues of law." *United States v. Purdome,* 30 F.R.D.

16  338, 340 (W.D. Mo 1962).

17  Answers to interrogatories, according to Rule 33(b)(1), "shall be answered separately and fully

18  in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons

19  for objection and shall answer to the extent the interrogatory is not objectionable."  Fed. R. Civ. Pro.

20  33(b)(1).  "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and

21  the answers may be used to the extent permitted by the rules of evidence."  Fed. R. Civ. Pro. 33(c).

22  Furthermore, "all grounds for objection to an interrogatory shall be stated with specificity."  Fed R. Civ.

23  Pro. 33(b)(4).

24  ### B.   Fact Interrogatories Propounded to Check Game: Numbers 2-10, 16-18, 24 and 25

25  Each of the contested interrogatories propounded to Check Game involves a separate and distinct

26  reason for ruling, therefore each shall be discussed by first discussion those interrogatories that are to be

27  compelled and then those that will be overruled.  For the purpose of this order, the Plaintiff's interroga-

28

05cv2265

tories and the Defendants' answers will be summarized rather then provided verbatim. (The summaries will be extrapolated from the moving papers)

      1.     *Interrogatories 2-5, 9-10, 18, 24-25: Defendants Ordered to Respond*

Plaintiff's Interrogatory 2 asks for the information of the officers, directors and partners of Check Game who authorized the use of letters in the form of those provided in Exhibit A-C of the complaint.  Defendants have answered by stating that Catherine Key is the only officer of Check Game. This answer is non-responsive and not full and complete as required by Rule 33.  Defendants are ordered to supplement their answer to Interrogatory number 2.

Plaintiff's Interrogatory 3 asks for information on employees who have engaged in the collection of consumer accounts for Check Game.  Defendants object to the interrogatory as irrelevant and invasion of 3rd party privacy.  In their response, Plaintiff argues that the information will be used to determine persons to be deposed, which is information that is within the scope of Rule 26, and therefore discoverable.  The objection is overruled and the Defendants are ordered to answer Interrogatory 3.

Interrogatory 4 requests the number of notices, similar to Exhibits A-C that were sent by Check Game to consumers from April 6, 2004 to the present.  Defendants' objected based on the relevancy of the information.  Plaintiff argues that the information is relevant to prove the §1692(e)(5) claim and to refute Defendants' fifth affirmative defense.  Plaintiff has shown that the information sought is within the scope of Rule 26, and is therefore discoverable.  Defendants' objection is overruled and Defendants are ordered to answer Interrogatory 4.

Interrogatory 5 asks whether Check Game is affiliated with any other organization through overlapping officers, shareholders, managers, owners or common facilities.  In response, Defendants state that based on their understanding of the question there is no affiliations.  Plaintiff argues that the answer is evasive and incomplete.  The Court finds that the answer provided by Defendants is not acceptable within the guidelines of the federal rules.  The federal rules provide that the answer to discovery requests will be made with detail and be full and complete.  Defendants failed to show why they misunderstood the question and only answered in the negative without any explanation as to how that answer was derived.  Therefore, Defendants must supplement their answer to Interrogatory 5.

/////

05cv2265

1    Interrogatory 9 requests the total dollar amount paid by consumers from April 6, 2004 in

2  response to letters similar to Exhibits A-C.  Defendants object to the relevancy of the interrogatory.  The

3  answer provided is not in concurrence with the applicable federal rules.  The objection must be

4  accompanied with a sufficient reason as to why the objection is valid.  In the instant case no explanation

5  is given.  The objection is overruled and Defendants must answer Interrogatory 9.

6    Interrogatory 10 seeks to identify the terms of an agreement between Check Game and Universal

7  Subscription Agency in which Check Game sought to collect money from the Plaintiff.  Defendants

8  answer the interrogatory by stating in full, "when a check is collected they receive full face value and a

9  portion of the fee." (Plaintiff's Memo at 17 ln. 26).  The response is non-responsive and does not fully

10  and completely answer the question presented.  Defendants are ordered to supplement their answer to

11  Interrogatory 10.

12    Interrogatory 18 asks Defendants to described all collection activities Check Game was

13  authorized to preform by Universal Subscription Agency on April 6, 2005.  Defendants' objected to the

14  question as vague.  The objection is not specific as to why it is vague other then by stating that they

15  (Defendants) are uncertain of what is being asked. As it appears to the Court the question is rather

16  specific as to the all collection activities on a specific day.  Defendants' objection is overruled and

17  Defendants are ordered to answer Interrogatory 18.

18    Interrogatory 24 seeks the general information of the State Attorney's Office referenced in the

19  Exhibits A-C.  Defendant offers the answer that a receptionist is the contact person.  This answer is not

20  full nor complete.  The Court finds that the Defendants answer is non-responsive and therefore the

21  Defendants must supplement their answer to Interrogatory 24.

22    Interrogatory 25 seeks the names of the persons who signed or authorized the signature of those

23  signing the letters sent in Exhibit A-C.  Defendants state that no one has signed the letters.  However as

24  it appears from the record there are signatures on the letters sent to the Plaintiff.  Therefore, Defendants

25  answer is inconsistent with the exhibits contained in the complaint.  Defendants are ordered to

26  supplement their answer to Interrogatory 25.

27  /////

28  /////

10

05cv2265

2.    *Interrogatories 6-8 and 16-17: Sustained*

Interrogatory 6 requests the identity of witnesses and participants who contacted someone other than the Plaintiff with attempts to collect debts on behalf of Universal Subscription Agency.  Defendants object as the question as overly broad. As it appears to the Court this question is duplicative of a series of questions (No. 2-4) which Defendants' have been ordered to supplement their answers.  Being duplicative and overly broad, the objection is sustained.

Interrogatory 7 seeks to identify all present and past contracts and agreements between Check Game and the creditor with details.  Defendants object to the question as being overly broad.  Plaintiff responds that the information is necessary to corroborate other evidence.  Defendants, correctly argue that the interrogatory is not clear as to who the creditor in the statement is referring to.  Because there may be many creditors, who are not within the subject matter of this litigation, the interrogatory is overly broad, and therefore the objection is sustained.

Interrogatory 8 requests the frequency and volume of the letters sent to consumers seeking to collect alleged debts on behalf of Universal Subscription Agency.  Defendants object to the question as being overly broad.  As it appears to the Court, the question is duplicative of Interrogatory 4, which seeks the number of notices similar to Exhibit A-C that Defendants have sent out.  Defendants have been ordered to serve an amended answer to Interrogatory 4.  Therefore, the Court sustains Defendants objection as overly broad and duplicative.

Similarly, Interrogatory 16 seeks the number of persons in California since April 6, 2004 who were sent letters similar to Exhibits A-C.  Defendants object as the interrogatory is irrelevant.  The Court sees the interrogatory duplicative of number 4, which, as stated above seeks the number of notices similar to Exhibit A-C that Defendants have sent out.  The Court sustains Defendants objection as overly broad and duplicative.

Interrogatory 17 requests the step-by-step process which resulted in Exhibits A-C being transmitted to the Plaintiff, including several sub-steps.  The Defendant objects to the compound nature of the interrogatory.  The Court agrees that the interrogatory is compound in nature and therefore the Court sustains the objection.

/////

05cv2265

*C.     Fact Interrogatories Propounded to Catherine Keys: Numbers 27-29, 38-40, 43, 45-46*

Each of the contested interrogatories propounded to Catherine Keys involves a separate and distinct reason for ruling, therefore each shall be discussed by grouping those interrogatories that are to be compelled and those that will be overruled.  For the purpose of this order, the Plaintiff's interrogatories and the Defendants' answers will be summarized rather then provided verbatim. (The summaries will be extrapolated from the moving papers).

*1.     Interrogatory Number 27-29, 39, 45-46: Non-responsive*

Interrogatories 27-29 request the identity of the officers, directors, partners, shareholders, and employees of Check Game who authorized, approved, or created the letters in the forms of Exhibits A-C.  Defendants respond that the letters in Exhibit A-C were created from a computer program.  This answer is not full or complete as required by Rule 33.  Therefore the Court finds that the answers to Interrogatories 27-29 are non-responsive and Defendants must serve and amended answer to the interrogatories.

Interrogatory 39 asks Defendant to describe the business purpose of United Subscription Agency.  Defendant objects to the interrogatory as irrelevant because United Subscription Agency is not a party to the litigation.  However, as it appears factually, there is a reasonable likelihood that the information sought will lead to discoverable evidence.  For this reason, Defendants' answer is non-responsive and the relevancy objection is not persuasive.  Defendants are ordered o supplement their answer to Interrogatory 39.

Interrogatories 45 and 46 seek the involvement of Charles Key with Check Game and his communications with the Plaintiff.  Defendants answer both questions in the negative, giving one word answers (None).  Plaintiff raises doubt to the veracity of the answer because Defendant has named Charles Key a person with knowledge of Check Game in their initial disclosures.  Due to the inconsistency of the two statements it is ordered that Defendants supplement their answers to the question following the federal rules, providing a detailed answer or objection to the question.

*2.     Interrogatory Number 38, 40 and 43: Objection Sustained*

Interrogatory 38 requests the identity of all entities for which Catherine Keys is an officer, director or an agent.  Defendant objects based on relevancy.  Plaintiff argues that the information

05cv2265

1    provided will show that Catherine Keys has control over the Check Game and other debt collecting

2    agencies.  As it appears to the Court, this interrogatory is outside the scope of Rule 26.  Because the

3    information provided will be outside the scope of the subject matter of this particular litigation.

4    Furthermore, the interrogatory may be duplicative to Interrogatory 2, which seeks the names of the

5    officers, directors, partners and employees of Check Game.  Therefore, the objection is sustained.

6           Interrogatory 40 requests Defendant to state her individual net worth as of the end of the year for

7    years 2004-2006 and state how these numbers were calculated.  Defendants object stating that the

8    question is an invasion of privacy.  However, the Court finds that the question is overly broad and will

9    lead to information that is not relevant or not discoverable.  Therefore, the Court sustains the objection

10   to Interrogatory 40.

11          Interrogatory 43 asks Defendant to describe her personal review of the Plaintiff's file.  Defen-

12   dant did not offer any response to the interrogatory because they were unable to ascertain the meaning.

13   Plaintiff objected with boiler plate language that includes an argument of privacy that was not raised by

14   the Defendant.  Plaintiff, in relying on boiler plate language, has not convinced the Court to the

15   relevancy of the interrogatory as to whether it is within the scope of Rule 26.  Therefore, the Court

16   accepts the Defendants answer as currently stated.

17          **D.    *Contention Interrogatories Propounded to Catherine Keys Numbers 47-52***

18          Plaintiff's interrogatories 47-52 are contention interrogatories that seek the factual and legal

19   basis of the Defendants' six affirmative defenses.  Defendants' response to all six interrogatories do not

20   fully and completely answer the interrogatory.  For example, Plaintiff's Interrogatory number 47 asks,

21   "State every factual and legal basis for YOUR First Affirmative Defense." (Defendants' Responses to

22   First Combined Discovery Request Directed to Catherine Key by Plaintiff at 8).  Defendant responds by

23   stating, "Defendants first affirmative defense is in fact an allegation that Plaintiffs Complaint lacks

24   factual and legal basis to be successful at trial." *Id.*  In order to fully comply with the rules of discovery,

25   every interrogatory must be answered fully and completely.  In this instance, Defendants have not fully

26   answered the interrogatory in detail.  Furthermore, Defendants provide no justification in any of their

27   moving papers as to why the Court should not grant Plaintiff's Motion to Compel Interrogatories 47-52.

28   With no objection to the interrogatories, Defendants must fully and completely answer the interrogatory.

1  Failing to do so the Court to orders Defendant to supplement and serve an amended answers to

2  Interrogatories 47-52.

3       **E.    Conclusion**

4       In conclusion, Defendants are ordered to supplement Interrogatories 2-5, 9-10, 18, 24-25, 27-29,

5  39 and 45-52.  The Court sustains Defendants objections or accepts Defendants answers to Interrogato-

6  ries 6-8, 16-17, 38, 40 and 43.

7                              <u>**Conclusion**</u>

8       In conclusion, the Court orders Defendants to serve supplemental answers to Plaintiff's Request

9  for Admissions numbers 4-8, 10-11 and 21.

10      Defendants must also supplement answers to Plaintiff's Document Requests 2-4, 6, 9, 23, 25, 27-

11 28 and 30-31.  Defendants do not have to supplement Document Request 18 and 29.

12      Defendants must supplement answers to interrogatories propounded to Check Game for

13 Interrogatories 2-5, 9-10, 18, and 24-25.  Defendants objection as to Interrogatories to 6-8 and 16-17 are

14 sustained.  As propounded to Catharine Keys, Defendants must supplement Interrogatories 27-29, 39,

15 and 45-46.  Defendants objections to Interrogatories 38, 40 and 43 are sustained.  Defendants must

16 supplement all contention Interrogatories numbers 47-52.

17      All further responses must be served by **October 31, 2006**.

19      IT IS SO ORDERED.

21 DATED:  October 6, 2006

22                              _____

23                              Hon. Anthony J. Battaglia
                                U.S. Magistrate Judge
24                              United States District Court